BETSEY ROSS v. ZOPHAR HATFIELD and others.

The fourth section of the act, entitled, "An act to prevent in certain cases the abatement of suits and reversal of judgments," (*Rev. Laws*, 164,) is intended to apply to cases where *by the act of law* the cause of action survives. The act is designed to save the necessity of filing bills of revivor, not supplemental bills.

If a suit becomes abated, and nothing but the death of the party is necessary to be established to show the liability of the survivors, a bill of revivor alone is sufficient; but where new matter must be shown and proved, there a supplemental bill must be filed.

THE facts essential to an understanding of the case, appear in the opinion of the chancellor.

[Ross v. Hatfield et al.]

*S. Scudder*, for complainant.

*F. B. Chetwood* and *I. H. Williamson*, for defendants.

THE CHANCELLOR. This case came on upon the final hearing, when the defendants raised and insisted upon an objection to any decree in the situation in which the cause stood. That objection must first be disposed of; for whatever the merits may be, if the court cannot make the proper decree, it will avail nothing.

The bill is filed to recover the complainant's dower against three defendants, a father, son and grandson, charging Zophar Hatfield, one of them, as being the tenant of the freehold, but also charging that all the defendants occupy the lands alternately, and claim to be owners, and combine to defeat the complainant out of her just rights. The defendants have answered, and admitted Zophar Hatfield to be the owner of the lands. Since issue was joined and the depositions were taken, Zophar Hatfield has died, and by his will devised the lands out of which dower is claimed, to Levi Hatfield his son, who is a co-defendant. A recovery, therefore, if any, must be had against Levi Hatfield, as a devisee under the will. Had not Zophar Hatfield died, undoubtedly the bill must have been dismissed as to Levi Hatfield and Zophar Hatfield the younger, they appearing to be mere tenants, without any title whatever to the lands; but whether with or without costs, would depend on circumstances. No supplemental bill, or bill of revivor, has been filed; but the complainant has obtained an order under the fourth section of the act, entitled, "An act to prevent in certain cases the abatement of suits and reversal of judgments," *Rev. Laws*, 164, (upon a suggestion of the death of Zophar Hatfield, and that the cause of action survived against the remaining defendants,) that the cause stand revived and be proceeded in against the surviving defendants. This order further authorizes the complainant to exhibit the will, and to take depositions if necessary.

I think this is a mistake in the course of practice. This is

[Ross v. Hatfield et al.]

not a case in which the cause of action survived, within the meaning of that act. It is intended to apply to cases where, by the act of law, the cause of action survives; as in the case of a suit between two or more executors or trustees. There the law declares the liability of the survivors, and the cause of action survives against them. They have no power to prevent this conclusion, and this statute was intended, in such case, to simplify the proceedings; and upon the mere suggestion of the death, without any bill of revivor, to allow a complainant to proceed in his cause. Here the surviving defendant takes as a purchaser, by devise, and there must be a supplemental bill, setting out the will and devise under it, in order to get these new and important facts before the court, and to give the defendant an opportunity to answer them. The defendant may deny the devise. What decree could be entered in this case? None against Levi Hatfield as devisee under the will of his father, for that fact is no where before the court in the pleadings; he has had no opportunity to meet the charge; and in the character in which he originally stood, it fully appears he had no title or interest whatever in the lands.

The course of practice is uniform on this subject. If a suit becomes abated, and nothing but the death of the party is necessary to be established to show the liability of the survivors, there a bill of revivor alone is sufficient; but where new matters must be shown and proved, as in the case of a settlement or a devise, there a supplemental bill must be filed : *Mitford's Pleading*, 107, 110; *Cooper's Eq. Pleading*, 63, 76.

The statute before referred to is only intended to save the necessity of filing bills of revivor, but not supplemental bills. The fifth section of that act provides for cases where parties die, and the cause of action does not survive; then, if other persons become parties in interest *in right or by the death* of such deceased party, the suit may proceed, being *revived* against the representatives of the deceased party; clearly referring to the case of heirs, executors, or administrators. In such a case, nothing but the death is to be ascertained. The law fixes who is

the heir or representative, and they cannot deny it. A bill of revivor, therefore, is alone necessary. But if any conveyance has been made, or devise, so that the title as well as the person entitled may be litigated, then it must be set out in a supplemental bill.

The revised statutes of the state of New-York have the same provisions in substance on this subject as ours, and have received the same construction which I have given them : *Douglass* v. *Sherman*, 2 *Paige's Ch. Rep.* 358. These provisions are held to apply only to those cases where by former practice proceedings could be revived and continued by a simple bill of revivor. I refer also, on this subject, to the cases of *Leggett* v. *Dubois*, 2 *Paige's Ch. Rep.* 212, and to *Wilkinson* v. *Parish*, 3 *Ibid*, 653.

In this case, in my opinion, there must be a supplemental bill filed, before a proper decree can be made against the defendants, or either of them. And as this is a matter of practice on which there may have been, and indeed from the order obtained it seems there was, a different opinion entertained, I shall allow a supplemental bill and bill of revivor to be filed now, on payment of the costs of the hearing.

Something was said on the argument that the heirs at law were necessary parties to a supplemental bill in this case, but that question is not now before me, and I must leave it to the complainant to make such parties to her bill as she may be advised are necessary and proper.